# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHLEEN A. HOST,**

        **Plaintiff,**

        v.                       Case No. 10-C-755

**WHEATON FRANCISCAN HOME HEALTH,**

        **Defendant.**

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. PROCEDURAL HISTORY

Kathleen A. Host ("Host") filed a complaint on September 10, 2010 alleging that her former employer, Wheaton Franciscan Home Health ("Wheaton"), violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA") when it terminated her. (Docket No. 1.) On May 7, 2012, Wheaton moved for summary judgment on all of the plaintiff's claims. (Docket No. 31, 32.) In opposing Wheaton's motion, Host limited her response to only her claim that she was unlawfully terminated in retaliation for her complaints regarding sexual harassment. She contends that the defendant's motion must be denied as to her claim for retaliation. (Docket No. 36.)

The court construes Host's limited response as her abandonment of all other claims and, accordingly, the court shall limit its analysis to Host's claim of retaliation resulting from her sexual harassment complaint. See Laborers' Int'l Union v. Caruso, 197 F.3d 1195, 1197 (7th Cir. 1999); In re Sulfuric Acid Antitrust Litig., 743 F. Supp. 2d 827, 864-65 (N.D. Ill. 2010). Wheaton has replied.

(Docket No. 41.) The pleadings on the defendant's motion for summary judgment are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge. (Docket Nos. 4, 10.)

**II. SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson, 477 U.S. at 248. A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

2

## III. FACTS

Wheaton hired Host as a "Visit Nurse" on April 16, 2007, and she began a 90 day orientation period. (Docket No. 39, ¶¶11, 13.) A visit nurse works independently, traveling to patients' homes to provide medical care in the four counties that comprise the Milwaukee metropolitan area. (Docket No. 39, ¶¶27-35.) During her orientation period, Host had a number of problems, including repeatedly arriving late for classroom training or work. (Docket No. 39, ¶¶41-47.) Host received computer training, but her deficiencies in using computers resulted in documentation errors which she acknowledged were a "major problem." (Docket No. 39, ¶¶21, 24-25, 37-40, 54.) Host also worked slower than other visit nurses leading to concerns by her supervisors as to how many visits she would be able to complete in a shift. (Docket No. 39, ¶¶39, 55.) These performance concerns were discussed with Host on May 22, 2007 and June 7, 2007. (Docket No. 39, ¶¶48-51.) In this last meeting, Host was informed that if her performance did not improve by July 21, 2007, she would be terminated. (Docket No. 39, ¶53.)

On June 11, 2007, Host was at a patient's residence when the patient's grandson allegedly engaged in verbal and physical conduct toward Host that she regarded as inappropriate and sexual in nature. (Docket No. 39, ¶¶67-71; see also Docket No. 42, ¶5.) Host reported this incident to her supervisor two days later. (Docket No. 39, ¶72.) In response, Host contends that her supervisor said, "this is part of the job and . . . you have to be able to handle things like this." (Docket No. 39, ¶¶82-83.) Weeks later, Host was assigned to return to the same patient's house and reminded her supervisor of the prior situation. (Docket No. 42, ¶14; see also Docket No. 35-4 at 1.). Although the grandson was present during this second visit, nothing similar occurred. (Docket No. 39, ¶85-87.)

Host was terminated on July 9, 2007, about a week after her second visit to this patient's home. (Docket No. 39, ¶108.) Her supervisors stated that she was being terminated because of

3

various performance problems. (Docket No. 39, ¶¶110, 112-13, 117, 125-27.) Although Host's supervisors made no reference to her complaint about the grandson's alleged sexual harassment while terminating her, Host believes her complaint was the "sole reason" for her termination. (Docket No. 39, ¶¶111, 118-21.)

**IV. ANALYSIS**

Title VII makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act. 42 U.S.C. § 2000e-3(a). A plaintiff may prove retaliation under either the direct or indirect methods of proof. Argyropoulos v. City of Alton, 539 F.3d 724, 733 (7th Cir. 2008).

> Under the direct method, [a plaintiff] must present evidence, direct or circumstantial, showing that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal connection exists between the two. Alternatively, [a plaintiff] may establish a prima facie case of retaliation under the indirect method by showing that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; (3) she met her employer's legitimate expectations, i.e., she was performing her job satisfactorily; and (4) she was treated less favorably than some similarly situated employee who did not engage in statutorily protected activity.

Id. (citations omitted); see also Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 644 (7th Cir. 2002). Under the indirect method of proof, if the plaintiff succeeds in setting forth the prima facie case of discrimination by satisfying each of the elements set forth above, the burden of proceeding then shifts to the employer to demonstrate that it had a legitimate non-retaliatory reason for its action. O'Leary v. Accretive Health, Inc., 657 F.3d 625, 635 (7th Cir. 2011). The burden of proceeding then shifts back to the plaintiff to produce evidence that the employer's proffered reason for its action was merely a pretext for retaliation. Id.

Wheaton contends that summary judgment is appropriate in its favor because Host cannot demonstrate that she was performing her job satisfactorily and cannot point to any other similarly situated employee who was treated more favorably. (Docket No. 32 at 12-15.) The record is replete

with Host's well-documented and self-admitted performance problems and devoid of any indication that a similarly situated employee was treated more favorably. Since Host would be unable to demonstrate a prima facie case of retaliation by way of the indirect method of proof, it is hardly surprising that Host does not address any of these elements in her response. Instead she contends that summary judgment is inappropriate because a "convincing mosaic" of facts suggests a causal connection between her complaint and her termination. (Docket No. 36 at 8-13.)

By invoking the "causal connection" element, Host is proceeding by way of the direct method of proof. See O'Leary v. Accretive Health, Inc., 657 F.3d 625, 630 (7th Cir. 2011) (citing Rhodes v. Ill. DOT, 359 F.3d 498, 504 (7th Cir. 2004)). Using the direct method of proof is often a daunting task because there is rarely direct evidence of retaliation. "Evidence of retaliation is 'direct' when, if believed, it would prove the fact in question without reliance on inference or presumption." Argyropoulos, 539 F.3d at 733 (quoting Mannie v. Potter, 394 F.3d 977, 983 (7th Cir. 2005)). "Because direct evidence essentially requires an admission by the employer, such evidence is rare. Id. (quoting Benders v. Bellows & Bellows, 515 F.3d 757, 764 (7th Cir. 2008)) (internal quotation marks omitted).

Consequently, a party proceeding via the direct method will usually attempt to establish a prima facie case by presenting circumstantial evidence, such as Host attempts to do with her inferential "convincing mosaic." However, in analyzing what is presented, the court must be cautious that the use of the "convincing mosaic" does not become a backdoor means of attempting to use the indirect method of proof but without the additional elements required for a prima facie case under that method, i.e. performance and similarly situated employees. The check against this is to require that even such circumstantial evidence "must point directly to a discriminatory reason for the employer's action." See Rhodes v. Ill. DOT, 359 F.3d 498, 504 (7th Cir. 2004) (quoting Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 939 (7th Cir. 2003)); see also Hanners v. Trent, 674 F.3d

683, 692 (7th Cir. 2012) (quoting Davis v. Con-Way Transp. Cent. Express, Inc., 368 F.3d 776, 783 (7th Cir. 2004)). Circumstantial evidence that is commonly considered in evaluating whether the requisite convincing mosaic exists includes "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn." Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994); see also Coffman v. Indianapolis Fire Dep't, 578 F.3d 559, 563 (7th Cir. 2009).

"[F]or a plaintiff proceeding under the direct method to defeat summary judgment using circumstantial evidence, all that is required is evidence from which a rational trier of fact could reasonably infer that the defendant had taken an adverse employment action against the plaintiff" in retaliation for the plaintiff's protected activity. Hanners, 674 F.3d at 692 (internal quotation marks and brackets omitted).

The plaintiff points to three pieces of evidence that she contends add up to a convincing mosaic of retaliation. First, she points to the timing of her termination, occurring a week after she reminded her supervisor about the incident at the patient's home. (Docket No. 36 at 8-10.) Second, she contends that Wheaton lied about the reason for her termination because one of her supervisors recently stated in a declaration that Host was terminated because of a patient complaint but no evidence of any such complaint has been presented. (Docket No. 36 at 10.) Third, Host contends that Wheaton lied about who actually made the decision to terminate Host because a recent declaration indicates that two supervisors made the termination decision together while previous statements indicated that only one supervisor made the decision. (Docket No. 36 at 11.)

The purported inconsistencies in Wheaton's statements are not the sort of circumstances from which a reasonable inference of retaliation can be drawn. Neither tends to point directly to a retaliatory reason for the defendant's actions. The court regards the alleged discrepancy as to

6

whether one or two supervisors made the decision to terminate Wheaton to be wholly irrelevant under the facts of this case. Absent evidence that any decision-maker was motivated by retaliatory animus, it makes no difference whether one or one-hundred persons were involved in the termination decision.

As for the alleged inaccuracy of whether a patient complaint contributed to Host's termination this, in no way, tends to point directly towards retaliation being the motive for Host's termination. Such an inconsistency might be relevant to an allegation of discrimination only if the plaintiff was proceeding by way of the indirect method of proof and was seeking to demonstrate that the proffered reason for the termination was pretextual. But within the context of the direct method of proof, the issue of pretext does not arise and any perceived inaccuracy as to the stated reasons for Host's termination is immaterial. It is undisputed that Host suffered from a multitude of performance problems during her brief tenure with Wheaton and thus the defendant could have offered many reasons to justify her termination.

Host urges that the court consider the case of <u>Picket v. Sheridan Health Care Center</u>, 610 F.3d 434 (7th Cir. 2010), which she claims is "strikingly analogous" to this case. A review of <u>Picket</u> demonstrates that the only aspect that could be considered analogous is that the plaintiff in <u>Picket</u> complained of harassment by a resident, much as Host complained of similar conduct by a patient's grandson. At that point, the similarity ends. In <u>Picket</u>, not only did the plaintiff make numerous complaints of inappropriate third party conduct, she had an unblemished work record and most importantly, her supervisor made statements to the effect that she should stop complaining and maybe she invited the conduct she found offensive. The court said that the evidence supported the jury's finding that she was terminated in retaliation for her complaints.

7
Case 2:10-cv-00755-AEG   Filed 07/02/12   Page 7 of 9   Document 43

In the instant case, there is a dearth of supporting evidence. The only supporting fact is the fact that Host was terminated roughly a month after her complaint about the conduct of the patient's grandson and roughly a week after she reminded her supervisor of the prior incident. While suspicious timing is relevant in considering whether a convincing mosaic exists, "mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue." Stone, 281 F.3d at 644 (citing cases). Here, the protected activity occurred roughly a month before the adverse employment action and thus the temporal relationship was comparatively weak. Even if the court was to conclude that Host reminding her supervisor of the prior incident constituted protected activity, the span of one week, standing alone, would be insufficient to create a triable issue.

Some degree of temporal proximity would necessarily result in this case because Host was employed by the defendant for less than 90 days. The fact that Host engaged in protected activity during her short tenure provided the foothold for this federal action, but a review of the parties' submissions regarding the defendant's motion for summary judgment reveals that there is nothing behind Host's allegations of retaliation other than a modest temporal proximity. This single circumstance is certainly not a convincing mosaic to establish a prima facie case of retaliation under the direct evidence method of proof.

Host has failed to present evidence sufficient to demonstrate a triable issue of fact on her retaliation claim. Accordingly, the court shall grant Wheaton's motion for summary judgment on this claim. Moreover, by having abandoned all other claims in her complaint by failing to respond to Wheaton's motion for summary judgment with respect to these claims, the court shall grant Wheaton's motion for summary judgment and dismiss this action in its entirety.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment, (Docket No. 31), is **granted** and this action is hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of July, 2012.

_____
AARON E. GOODSTEIN
U.S. Magistrate Judge